### B. E. IPOCK v. E. W. DAUGHERTY.

(Filed 18 September 1963.)

**1. Contracts §§ 19, 27—**

Where plaintiff's evidence is to the effect that the contract under which plaintiff was to make certain repairs to defendant's dwelling for a specified sum was abandoned upon defendant's decision to materially increase the work to be done, and that the parties thereupon substituted an agreement under which defendant agreed to pay plaintiff for labor and ma-

terials used in remodeling the dwelling, upon which agreement there was a balance due in a specified sum, the evidence is properly submitted to the jury, and defendant's motion to nonsuit properly denied.

**2. Evidence § 22—**

In plaintiff's action to recover for labor and materials, plaintiff may identify invoices rendered him by laborers and material suppliers and testify that the laborers rendering the invoices worked on defendant's dwelling and that he paid them the sums shown, and that the invoices for materials were for materials used in making the repairs to defendant's dwelling, and objection to the introduction of the invoices in evidence cannot be sustained, it being competent for plaintiff to show in this manner what the laborers did and what kinds and quantities of materials were used.

APPEAL by defendant from *Hubbard, J.,* May 1963 Session of CRAVEN.

Plaintiff sought to recover the sum of $1529.34, the balance alleged to be owing on a contract to pay plaintiff for labor and materials used by plaintiff in remodeling defendant's house.

Defendant denied the contract as alleged by plaintiff. By way of counterclaim he asserted a contract for specific work for a fixed price and a breach of that contract by plaintiff.

Issues arising on the pleadings were submitted to the jury. It found defendant had contracted as alleged by plaintiff with a balance owing for the labor and materials furnished of $1229.34. Judgment was entered on the verdict. Defendant appealed.

*Dunn & Dunn by Raymond E. Dunn for plaintiff appellee.*
*John W. Beaman and Robert G. Bowers for defendant appellant.*

PER CURIAM. The basic question for decision was a factual one: What was the contract? Was it, as plaintiff alleged, to pay for labor and materials; or was it, as defendant alleged, to remodel the dwelling for the sum of $3150, which defendant has paid?

Plaintiff testified he contracted to do specific work for a specific sum as alleged by defendant, but when he started the work, defendant decided to materially increase the work to be done. They then agreed to abandon the original contract, agreeing instead that plaintiff would be paid for labor and materials used in making the repairs. The court correctly overruled the motion for nonsuit. The credibility of plaintiff's evidence was for the jury.

To show what labor and materials were used in making the repairs, plaintiff identified invoices rendered him by laborers and material

suppliers. He testified that the laborers rendering bills worked on defendant's dwelling and that he paid them the sums shown on the invoices. He testified the materials shown on the invoices were used in making the repairs to defendant's dwelling. The paid invoices detailing the labor and material were offered in evidence. Defendant assigns this as error. It was competent for plaintiff to show in this manner just what the laborers did and what kinds and quantities of materials he used in making the repairs. They were merely his statement of what had been done and used. *Pearson v. Luther,* 212 N.C. 412, 193 S.E. 739.

We have carefully examined the record and each of defendant's assignments of error. We find

No error.